PER CURIAM.
For the reasons set forth below, this Court has determined pursuant to article V, section 9 of the Florida Constitution, that the following seventeen new judicial positions are needed, effective July 1, 1979, for the continued, effective operation of the trial courts of this state.
Circuit County Court Judges Circuit Court Judges
Fifth Circuit 1
Sixth Circuit 1 (Pinellas) 1
Eighth Circuit Ninth Circuit 2 (Orange) 1
Eleventh Circuit 2 (Dade) 1
Fifteenth Circuit 2
Seventeenth Circuit 2 (Broward) 2
Eighteenth Circuit 1
Nineteenth Circuit _1_
Totals 10
The Court also has determined from the requests received for new judgeships that at least the following new judicial positions, which are not now certified, may well be required not later than July 1, 1980, if current growth patterns in population and caseload continue:
Circuit Circuit Court Judges
Ninth Circuit 1
Tenth Circuit 1
Seventeenth Circuit 2
Nineteenth Circuit 1
The process by which the Court determined the number of new trial judgeships to certify at this time began in late 1978 with the distribution of current caseload and population statistics to the chief judge in each of the state’s twenty judicial circuits. Based on that data, and on the perceived needs within each circuit to meet the constitutional directive that all persons in Florida shall have access to the courts without delay, the chief judges of ten judicial circuits submitted to the Court their recommendations for new judicial positions.
Early this year, the chief justice and state courts administrator traveled to nine of the ten judicial circuits to evaluate the judgeship requests firsthand. In the interim, the office of the state courts administrator monitored current caseload data from the circuits for comparison with earlier caseload projections, and all statistical data was refined for more precise qualitative comparisons by analyzing the procedures and personnel policies within the circuits requesting judgeships.
Following the chief justice’s visits and the state courts administrator’s analyses, the Court considered the requests of the ten circuits and the views of the chief justice on their needs. The Court’s recommendation for the creation of seventeen new judge-ships certifies to the legislature ten less judicial positions than were requested from the ten judicial circuits.
The requests for five judgeships not being now certified were in large part based on projected population and caseload data, and on the reasonable belief of the requesting circuits that judicial manpower should be available to meet the demand for services when it arises. The Court is not insensitive to that objective, and it is of course aware that the state’s budget is now prepared on a biennial rather than annual basis. Nonetheless, the constitution appears to mandate an annual certification of new judgeships, so that new positions can be certified next year and created in the 1980 regular session of the legislature for implementation as of July 1, 1980. Consequently, the Court has withheld certification of these five positions based on the absence of an immediate need, but by this opinion deems it appropriate to notify the legislature that, it appears from available data, at least five new positions will be required next year. It is appropriate to note here, moreover, that none of the state’s judicial circuits were told to project judgeship needs *364 for 1980 or thereafter, so that, notwithstanding our reference to these five positions, nothing in this certification should be considered as a final evaluation by the circuits or this Court of the need for new judges beyond the commencement of fiscal year 1979-80.
The dominant factors considered by the Court in certifying the need for an additional circuit judge in the Fifth Judicial Circuit (Marion, Lake, Citrus, Sumter and Hernando Counties) are (i) the wide geographic dispersion of the area served (4,160 square miles), (ii) the constitutional limitations on the assignment of additional duties caused by the presence of four non-lawyer county court judges, (iii) the lack of available, assignable retired circuit court judges, and (iv) the highest current caseload per judge in the state.
The dominant factors considered by the Court in certifying the need for an additional circuit judge and an additional county judge in the Sixth Judicial Circuit (Pasco and Pinellas Counties) are (i) the continuing population increase in Pasco County, (ii) the opening of new, branch courthouses throughout the circuit, and (iii) the need for additional judges to handle burgeoning juvenile caseloads.
The dominant factors considered by the Court in certifying the need for an additional circuit judge in the Eighth Judicial Circuit (Alachua, Union, Bradford, Baker, Levy, and Gilchrist Counties) are (i) the presence of numerous correctional and mental health facilities within the circuit and an attendant demand for judicial manpower to service the matters generated within those institutions, (ii) an inability to use further assignable county court personnel to perform circuit court duties without exacerbating problems in the administration of the county courts, (iii) travel requirements within the circuit, and (iv) a very high current caseload per judge within the circuit, in part caused by the lack of any new judgeships since article V was adopted.
The dominant factor considered by the Court in certifying the need for two additional county court judges in the Ninth Judicial Circuit, for Orange County, is the inability to service existing county court caseloads with existing circuit personnel, based on a variety of local factors such as an increased level of prosecution for municipal offenses and for turnpike violations, and the presence of a large naval training center in the circuit.
The dominant factors considered by the Court in certifying the need for an additional circuit judge and two additional county court judges in the Eleventh Judicial Circuit (Dade County) are (i) rapidly expanding caseloads and growing backlogs in the juvenile and family court divisions, (ii) the judicial needs generated by the presence of ten regional courthouses, and (iii) the caseload pressure on all counts in the circuit which has been created by the increasing number of attorneys resident within the circuit.
The dominant factors considered by the Court in certifying the need for two additional circuit judges in the Fifteenth Judicial Circuit (Palm Beach County) are (i) ever-growing juvenile and criminal caseloads, (ii) the phenomenon of complex and time-consuming condominium litigation being added to the circuit’s current classes of litigation, and (iii) the presence (along with the Fifth Judicial Circuit) of the highest current caseload per judge.
The dominant factors considered by the Court in certifying the need for two additional circuit judges and two additional county court judges in the Seventeenth Judicial Circuit (Broward County) are (i) ever-increasing population and caseloads, (ii) special demands placed on courts within the circuit by the elderly and the influx of 500,000 tourists each year, (iii) the presence of twenty-nine municipalities, (iv) significant current delays in obtaining hearings and jury trial, and (v) a greatly expanded attorney population within the circuit in recent years.
The dominant factors considered by the Court in certifying the need for an additional circuit judge in the Eighteenth Judi *365 cial Circuit (Seminole and Brevard Counties) are (i) the extensive travel times required to service the wide geographical area covered by the circuit, (ii) the explosion of population and caseloads in lower Seminole County, and (iii) the increased judicial activity generated by law enforcement activities in Brevard County. As regards future travel required in this circuit, and the growth patterns being exhibited, the chief justice has asked the chief judges of the Eighteenth and Ninth Judicial Circuits to consider and report to the Court on the advisability of re-aligning the counties within their circuits to combine Orange and Seminole Counties into one circuit, and Osceola and Brevard into the other.
The dominant factors considered by the Court in certifying the need for an additional circuit judge in the Nineteenth Judicial Circuit (St. Lucie, Martin, Okeechobee, and Indian River Counties) are (i) travel times required to service the jurisdiction of the circuit, and (ii) an expansion in population, caseload, and complex litigation resulting from the permanent growth which has taken place in lower Martin County.
In addition to these identified peculiar circumstances within these circuits, each judgeship request is statistically justified in that the ability of judicial officers in these circuits to perform thoroughly, expeditiously, and fairly their total judicial duties is to some degree presently impaired by the volume of matters now commanding their attention.
CERTIFICATION
Therefore, in accordance with article V, section 9, Constitution of Florida, we certify the need for the additional circuit and county court judgeships indicated above, for a total of seventeen new judicial positions for the trial courts of the state. This Court certifies that these judicial officers are necessary, and we recommend that they be made permanent by law and funded by the state.
The Court has not, it should be noted, by this certification, recommended additional judicial positions for the district courts of appeal. The creation of new appellate judgeships has been recommended by the Commission on Florida’s Appellate Court Structure, and that recommendation is presently under consideration by the Court. Any recommendation by the Court for new appellate court judgeships will be made in a separate certification order before the legislature convenes on April 3, 1979.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.